## LEE v. SALT LAKE CITY.*

No. 1678.   Decided December 30, 1905 (83 Pac. 562).

1. EVIDENCE—OPINION—MATTERS OF ORDINARY INFORMATION.—In an action for injuries to a bicycle rider while riding over a depression in a sidewalk, the effect of a woman, weighing 132 pounds riding a bicycle over a depression 2 1-2 inches deep, where the edges sloped down in dish fashion, was not a proper subject of expert testimony.[1]

2. WITNESSES—QUESTIONS—ARGUMENTATIVE ANSWERS.—Where a witness was asked as to the effect of a woman, weighing 132 pounds riding a bicycle over a depression 2 1-2 inches deep, where the edges sloped down in dish fashion, and answered: "It was not very much of a thing, if not going fast; that it was not bad; that a person could ride over it in pretty fair shape by going between four and five miles an hour"—the answer was improper, as argumentative, and not in the nature of opinion evidence.

3. APPEAL—EVIDENCE—PREJUDICE.—Where plaintiff was injured while riding a bicycle over a depression in a sidewalk, and the evidence as to whether the walk was unsafe was conflicting, error in admitting an alleged opinion of an expert that a woman could ride safely over a depression described at a speed of four or five miles an hour was prejudicial.

BARTCH, C. J., dissenting.

---

* For an exhaustive note on bicycle law, see 47 L. R. A. 289.

[1] Black v. Rocky M. B. T. Co., 26 Utah 451, 73 Pac. 514; Meyers v. Highland B. G. M. Co., 28 Utah 96, 77 Pac. 347.

APPEAL from District Court, Third District; M. L. Ritchie, Judge.

Action by Hattie Lee against Salt Lake City. From a judgment for plaintiff, defendant appeals.

REVERSED.

*C. C. Dey* and *W. H. Bramel* for appellant.

*Christopher Reed* for respondent.

### APPELLANT'S POINTS.

A city is under no duty to maintain, or to use any care to maintain, its sidewalks in a safe condition for bicyclists to ride upon. Bicyclists form a comparatively small portion of the public and such a rule would necessitate the expenditure of public funds for private use. (*Gagnier v. Fargo* [N. D.], 88 N. W. 1030; *Lee v. Port Huron* [Mich.], 87 N. W. 637; *Morrison v. Syracuse* [N. Y.], 61 N. Y. S. 313; *Sutphen v. Town* [N. Y.], 30 N. Y. S. 128; *Leslie v. Grand Rapids* [Mich.], 78 N. W. 885; *Wheeler v. Boone* [Ia.], 78 N. W. 909.

Opinion evidence is admitted on grounds of necessity only. The rule that witnesses should state facts only, and the rule that the best evidence the nature of the subject-matter affords must be produced, operate to exclude opinion evidence in all cases where the necessities of the case do not abrogate these rules. It is our contention that in this particular case there was no necessity for any opinion evidence. The opinion of the bicycle expert as to how a bicycle would act in a ditch of given dimensions was not evidence in any sense. What effect it had upon the jury no man can tell, but it undoubtedly did prejudice defendant. (*People v. Morrigan,* 29 Mich. 7; *Graham v. Pennsylvania Co.,* 12 L. R. A. 296; *Myers v. Highland Boy Min. Co.,* 77 Pac. 347; *Ry. Co. v. Alfred,* 113 Ill. App. 236; *Gavisk v. Ry. Co.,* 49 Mo. 277; *Horey v. Sawyer,* 5 Allen, 554; *City v. McGiven,* 78 Ill. 347; *Buxton v. Somerset Potter Works,* 121 Mass. 446; *Overson v. City* [N. D.], 65 N. W. 676; *Insurance Co. v. Grover,* 100 Pa. St. 266.) The same principle has been passed upon several

times in Utah. (*Sanders v. Ry. Co.,* 15 Utah 334; *Murray v. Ry. Co.,* 16 Utah 356; *Johnson v. Coal Co.* [Utah], 76 Pac. 1089; *Meyer v. Min. Co.* [Utah], 77 Pac. 347.

The opinion of a witness as to the safety or unsafety, of anything capable of measurement or description, is not competent. (*Brunker v. Cummins* [Ind.], 32 N. E. 732; *Smuggler v. Broderick* [Colo.], 53 Pac. 169; *Freeburgh v. Plow Works,* 50 N. W. 1026; *Graney v. Ry. Co.* [Mo.], 50 L. R. A. 153; *Ry. v. Goodwin,* 47 S. E. 641.

A city is not an insurer of its walks and ways; that it is not bound to keep them in an absolutely smooth or perfect condition; that it is not bound to discover and remedy a defect instantly; and that it is not bound to keep its walks and ways in a safe condition for extraordinary uses. The authorities are unanimous upon these propositions. (1 Dillon Munic. Corps. [4 Ed.], secs. 1019, 1025; Williams' Municipal Liability for Tort, sec. 105; 15 Ency. of Law [2 Ed.], pp. 426-427 and notes.)

### RESPONDENT'S POINTS.

The contention of the respondent is that these cases, cited by appellant, do not sustain its contention because they do not contain a parallel state of facts, and hence may be said not to contain the particular questions involved in the case at bar. We desire to call attention of the court to the Utah cases. They practically lay down the rule stated by a New Hampshire court in these words: "When a subject matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without other assistance." (*Jones v. Tucker,* 45 N. H. 546.) "After a witness has been examined in chief his credit may be impeached or attacked by various modes, besides that of exhibiting the improbabilities of a story by cross-examination, and one method is by disproving the facts stated by him by the testimony of other witnesses." (Greenleaf on Evidence [14 Ed.], sec. 461; Lawson on Expert Testimony, p. 257; *Healy v. Visalia & T. R. Co.* (Cal.), 36 Pac. 125; 2 Elliott on Evidence, secs. 946, 947, 948, 949 and cases cited.) An examination of the cases cited by counsel on this subject-matter clearly state the law, and with it we find no fault. The rule of law as stated in these cases is that where one is

granted by a city which has full control and charge of the streets and sidewalks, the right to ride thereon a bicycle, liability for an injury while so riding, must be based upon a state of facts which shows that such sidewalk was not reasonably safe for pedestrians. Any inquiry resulting to plaintiff while riding a bicycle, due to the fact that such sidewalk was not so reasonably safe for pedestrians, furnishes to plaintiff a cause of action.

STRAUP, J.

1. This action was brought by the plaintiff against the defendant to recover damages for an injury sustained by her through a defective sidewalk while she was riding a bicycle. The defect, as described on behalf of plaintiff, was an irrigating ditch across the walk, eight to eighteen inches deep, fifteen to eighteen inches wide, and mostly filled with leaves. The ditch, as described on behalf of the defendant, was saucer-like in its construction, two and one-half inches deep, and twelve to fifteen inches wide. The jury rendered a verdict in favor of plaintiff, and the defendant appeals.

2. The assigned errors relate only to the admission of evidence. At the conclusion of the defendant's case the plaintiff in rebuttal called a witness, and upon qualifying him as an experienced bicycle rider, and showing his experience in riding over depressions and excavations with a bicycle, asked him what difficulty there would be for a person, such as plaintiff, a lady weighing 132 pounds, in riding a bicycle over a depression two and one-half inches deep, where the edges sloped down dish fashion. To this an objection was made, because it was not rebuttal, was incompetent, and immaterial. Thereupon counsel for plaintiff stated the purpose of the proffered testimony to be to rebut the probability of plaintiff falling off in riding over a saucer-like depression but two and one-half inches deep, and as tending to show that the ditch was deeper. The objection being overruled, the witness answered that it was not very much of a thing, if not going fast; that it was not bad; that a person could ride over it in pretty fair shape by going between four and five miles an hour. The ruling is erroneous. The testimony is claimed admissible on the theory of opinion evidence. The claim is unfounded, because the subject-matter of inquiry was not of such character

that it may be presumed not to lie within the common experience of all men of common education, moving in the ordinary walks of life. It simply involved ordinary happenings and events of life concerning which any man of reasonable intelligence, from his own observations and experience, would be able to speak and be capable of forming a correct judgment thereon. It did not involve matters of fact that could not be detailed and described to the jury, or where it was not practicable to put them in possession of all the primary facts upon which the opinion of the witness was grounded. By this inquiry it was sought to obtain the so-called opinion of the witness to establish the fact that the ditch was more than two and one-half inches deep. The ditch was capable of being described, even with exactness, and it was practicable and capable to put the jury in possession of all the primary facts pertaining to its character and condition. The case does not fall within the rule permitting opinion evidence.

Again, the question could not be answered without embracing in the answer, and as was necessarily implied, though not expressed, in it, the opinion of the witness as to the degree of care on the part of the plaintiff in riding over the depression. To say that she could have ridden over it without difficulty of necessity involved some care and attention on her part, and what she could safely do in riding upon such a walk and over such a depression. Putting in the question what would be necessarily embraced in answering it would, in effect, be to ask the witness whether, in his opinion, the plaintiff, in the exercise of ordinary care, would have been thrown off her wheel in riding over such a depression as described to him. The judgment of these matters was within the province of the jury. The following authorities fully support the views herein expressed, and well demonstrate the inadmissibility of this testimony: *Edwards v. Worcester,* 172 Mass. 104, 51 N. E. 447; *Buxton v. Somerset P. Wks.,* 121 Mass. 446; *Little Rock T. & E. Co. v. Nelson,* 66 Ark. 494, 52 S. W. 7; *Gavisk v. Pacific R. R. Co.,* 49 Mo. 274; *Brunker v. Cummins,* 133 Ind. 443, 32 N. E. 732; *Musick v. Latrobe Borough,* 184 Pa. 375, 39 Atl. 226; *Limberg v. Glenwood L. Co.,* 127 Cal. 598, 60 Pac. 176, 49 L. R. A. 33; *City of Chicago v. McGiven,* 78 Ill. 347; *Georgia R. R. Co. v. Hicks,* 95 Ga. 302, 22 S. E. 613; *Central, etc., R. R. Co. v. Goodwin* [Ga.], 47 S. E. 642; *New England Glass Co. v. Lovell,* 7

Cush. 319; *Black v. Rocky M. B. T. Co.*, 26 Utah 451, 73 Pac. 514; *Meyers v. Highland B. G. M. Co.*, 28 Utah 96, 77 Pac. 347; 17 Cyc. 25; 3 Wig., Ev., sections 1917, 1951; 1 and 2 Elliott Ev., sections 672, 946.

Furthermore, this testimony was not even of the nature of opinion evidence. It was merely argumentative. The witness was permitted to advance a matter of mere argument why the evidence of the defendant as to the character of the ditch was not probable. Even as an argument, it was fallacious. The fact of appellant's falling or not did not support the hypothesis adduced to be proved by it, the character of the ditch. Such an act no more tended to prove its character than it did want of care or attention on her part, or matter of mere accident, or a variety of other things.

We also are of the opinion that the error was prejudicial to the defendant. From the evidence on behalf of plaintiff as to the character of the ditch, a jury may find that the walk was unsafe; from the evidence on behalf of the defendant, that it was reasonably safe. On conflicting evidence they found for the plaintiff. We cannot say this so-called opinion evidence did not influence the jury in their finding. The purpose of its admission was to negative defendant's evidence as to the depth of the ditch, and to corroborate plaintiff's. It may have had such effect, and may have been the very thing that induced the jury to find the depth of the ditch as claimed by plaintiff, and thus to find the defendant guilty of negligence in maintaining a walk with such character of defect. (*Railroad Co. v. Wilson,* 12 Colo. 20, 20 Pac. 340; *Smuggler Union M. Co. v. Broderick,* 25 Colo. 16, 53 Pac. 169, 71 Am. St. Rep. 106; *Boston & Alb. R. R. Co. v. O'Reilly,* 158 U. S. 334, 15 Sup. Ct. 830, 39 L. Ed. 1006; *Vicksburg & M. R. R. v. O'Brien,* 119 U. S. 99, 7 Sup. Ct. 118, 30 L. Ed. 299.)

The judgment of the court below is reversed, with costs, and a new trial granted.

McCARTY, J., concurs. BARTCH, C. J., dissents.