## O'Neill v. Philadelphia, Appellant.

*Negligence—Municipalities — Sidewalks — Contributory negligence—Question for jury—Court and jury—Duty to instruct.*

Where in an action against a municipality to recover damages for personal injuries sustained by the plaintiff in consequence of stepping into a hole which had existed in the sidewalk close to plaintiff's home for several months, the defendant relied solely for immunity from the consequences of its admitted negligence upon the contributory negligence of the plaintiff, and in presenting her case to the jury as one free from contributory negligence the plaintiff testified that she did not know of the existence of the hole, that she had passed over the pavement but once or twice in her life, that the last time she passed over it was three or four months before the accident; that at the time of the accident she was looking carefully down on the pavement and did not see the hole, and there was other testimony which would have justified a finding that she did have knowledge of its existence, the question of plaintiff's contributory negligence was for the jury, and it was the duty of the trial judge to distinctly and definitely charge them as to the law relating to it.

Argued Jan. 8, 1914. Appeals, Nos. 124 and 125, Jan.

T., 1913, by defendant, from judgments of C. P. No. 2, Philadelphia Co., March T., 1911, No. 3740, on separate verdicts for plaintiffs in case of William J. O'Neill and Catharine O'Neill v. City of Philadelphia. Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The opinion of the Supreme Court states the facts.

Counsel for defendant requested the court to further charge the jury to the effect that it was for them to determine whether or not the plaintiff, Catharine O'Neill, was guilty of such contributory negligence as led to the accident.

The request was answered by the court as follows:

"Motion overruled. Exceptions noted for defendant."

Verdict for William J. O'Neill for $500 and for Catharine O'Neill for $1,700 and judgment thereon. Defendant appealed.

*Error assigned* was in refusing defendant's request for further instructions.

*Edgar W. Lank,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellant.

*Eugene Raymond,* for appellees.

OPINION BY MR. JUSTICE BROWN, February 2, 1914:

On December 2, 1910, between 5 and 6 o'clock in the evening, Catharine O'Neill, while walking down North Marshall street, in the City of Philadelphia, stepped into a hole in the pavement and sustained a severe fall. The circumference of the hole was, according to the testimony, about that of a bushel basket and its depth about six inches. In this action, brought by Mrs. O'Neill and her husband against the city, verdicts were

returned in their favor. It clearly appeared that the dangerous hole had been in the sidewalk for several months prior to the accident. The city made no attempt to disprove this, but relied solely for immunity from the consequences of its negligence upon the contributory negligence of the injured plaintiff. The trial judge was requested to charge the jury that it was for them to determine whether she had contributed to the accident by her own carelessness. This request, specifically made by the defendant, was denied. In a brief charge reference was made only to the alleged negligence of the defendant, the trial judge saying that the preponderance of the evidence on that question was in favor of the plaintiffs.

As no question was made by the city in the court below as to its negligence in permitting the dangerous hole to remain in the sidewalk for months, the verdicts in favor of the plaintiffs were inevitable under the charge, in which not a word was said about the contributory negligence of Mrs. O'Neill. On this appeal the only question is whether the court erred in declining the request of the defendant, as set forth in the single assignment of error.

The sole answer of counsel for appellees to the complaint of the appellant is that, in view of the testimony of Mrs. O'Neill, the question of her contributory negligence was not in the case. This assumes that the jury were bound to believe her when she testified she was in ignorance of the existence of the hole until she stepped into it in the dark. This, however, is a false assumption, for her credibility was exclusively for the jury, who might have found, if the question of her contributory negligence had been submitted to them, that she did know at the time she was injured, and had known for weeks or months before, that the hole was in the pavement. If there had been a finding that she had such knowledge, a further finding might have been that her injury was due to her lack of care under the circum-

stances. In presenting her case to the jury as one free from contributory negligence, in addition to testifying that she did not know the hole was in the pavement until she stepped into it, she stated that she had passed over the pavement but once or twice in her life; that the last time she passed over it was three or four months before the accident; that she was carefully looking down on the pavement as she was crossing it, but did not see the hole, and that an electric light just across the street was, so shaded by a large awning on the property adjoining the dangerous pavement as to leave it quite dark. Whether the witness was to be believed by the jury in her explanation of why she failed to see the hole was a matter entirely for them, and, if they had not believed her, they might have concluded that she had not exercised proper care in crossing the pavement. But there was other testimony which would have justified a finding that she did have knowledge of the existence of the hole. It had been in front of property No. 602 North Marshall street for months. Mrs. O'Neill lived at No. 608—but three doors away, on the same side of the street—and had lived there for three years prior to December, 1910. During all the time the hole was in the pavement she passed constantly in and out of her home. While she testified that whenever she went down Marshall street she would cross directly from the house in which she lived over to the opposite side, as often as she did so and went south only the width of the street was between her and the notorious hole on the opposite pavement. One of her own witnesses, living a door above her —at No. 610—testified that the hole could be seen from the step in front of that house, and the plaintiff herself admits that she could have seen it from a front window in the house in which she lived. Another witness testified that the hole could be seen while walking over the pavement even after dark. It is too clear for further discussion that the question of the contributory negligence of the plaintiff was in the case, and it was, there-

fore, the duty of the trial judge to distinctly and definitely charge the jury as to the law relating to it: Heffner v. Chambers, 121 Pa. 84; Schwenk v. Kehler, 122 Pa. 68; New York, Lake Erie & Western Railroad Company v. Enches, 127 Pa. 316; Musick v. Borough of Latrobe, 184 Pa. 375.

Judgments reversed with a venire facias de novo.