## Brahm et ux. v. City of Uniontown

*E. J. McDaniel, E. D. Brown* and *Nicholas Comfort,* for plaintiffs.

*W. Frank Lane,* for defendant.

CARR, J., July 23, 1940. — This action of trespass against a municipality, charging negligence in the maintenance of an alley, was brought by a husband and wife to recover damages arising from an injury sustained by the wife when she stepped into a rut and fell, breaking her ankle. A compulsory nonsuit was entered at trial, and we are asked to take it off.

Plaintiffs resided in Uniontown, in a house situated on the southern side of East Winona Street, between Austin Street on the east and Thomas Street on the west. Through

the middle of the block bounded on the north by Connellsville Street and on the south by East Winona Street, parallel with these streets, runs a dirt alley 16 feet wide.

About nine o'clock on the evening of July 28, 1937, the wife plaintiff left her home to go to a confectionery store on Connellsville Street to get some ice cream for the children. Instead of proceeding by one of the lighted cross streets, she went directly over to the north side of Winona Street, entered a neighbor's yard and walked through it to the alley in the rear, then turned and continued eastwardly along the alley sixty or seventy feet to a vacant lot through which she followed a footpath to Connellsville Street. Returning by the same route, she had reached the alley and was walking westwardly on the south side when she stepped into a rut and fell, twisting and fracturing the ankle of her right leg. She testified that, although there was no light except that reflected from the nearby streets, she was able to see the surface of the alley except at the place where she fell, that particular spot being obscured by a billboard on one side and some lilac bushes on the other. The rut was from six to eight inches deep in the center, and about a foot or more in width, and had been made by the wheels of cars and trucks when the ground was soft.

To hold defendant municipality to the duty of keeping its dirt alleys free from ruts of the nature and character of the one here in question would be to impose a degree of care out of proportion to the public use and needs. Such alleys are not substitutes for streets, but serve as a means of accommodation for a limited neighborhood, primarily for the convenience of the owners of lots abutting thereon and their suppliers, and do not need to be kept in the same state of repair as the traveled streets: Musick v. Latrobe Borough, 184 Pa. 375. Even a dirt road, adopted by a city as a street and much traveled, is not required to be kept free of ruts worn by wheels in the soft ground. Such defects are temporary in their nature, and in wet weather are shifted from place to place by passing vehicles. In the

exercise of reasonable care they cannot well be prevented, nor is danger from them reasonably to be foreseen. Users must therefore anticipate such conditions: Clifton v. Philadelphia, 217 Pa. 102; Kelchner v. Nanticoke Borough, 209 Pa. 412. Any other conclusion would leave little of the rule that municipalities are not insurers of the safety of pedestrians.

Plaintiffs were confronted with an additional barrier to recovery against the city. The Act of July 1, 1937, P. L. 2547, sec. 1, 53 PS §2774, provides that no delictual action may be validly entered of record against a municipality where there has been a failure to file a notice in writing of such claim in the office of the clerk or secretary of the municipality within six months from the date of the origin of the claim, or within six months from the date of the negligence complained of, unless leave of court to enter such action upon a showing of reasonable excuse for such failure to file shall first have been secured.

The only evidence of notice to the city was (1) that the husband plaintiff, on July 30, 1937, made an oral complaint to the desk sergeant at the police station, which the sergeant wrote down in a complaint book; and (2), that the husband plaintiff, ten days or two weeks after the accident, wrote a letter about his wife's injury addressed to the city clerk, and mailed it. No proof of its receipt or filing was offered. On the contrary, the present city clerk, successor to the clerk in office at the time of mailing, was called on behalf of plaintiffs, and testified that he was unable to find any such letter in the files or records of his office.

While it seems immaterial whether the notice required by this statute to be filed in the office of the clerk is delivered personally or by mail, so long as it is actually received and filed (Sweeney v. City of New York, 225 N. Y. 271, 122 N. E. 243), it would virtually defeat the purpose of the statute if we were to indulge the presumption of receipt from proof of mailing that arises in ordinary business transactions. The clash of oral testimony would be

substituted for the certain proof of the paper in the files; evidence would be entirely in the hands of claimants, and confusion and controversies would result: United States v. Lombardo, 241 U. S. 73, 60 L. Ed. 897. The words of the statute must be given their effective and clear meaning.