**FRANCIS et al. v. SOUTHERN PAC. CO.**

No. 3424.

Circuit Court of Appeals, Tenth Circuit.

July 9, 1947.

Rehearing Denied Aug. 20, 1947.

Parnell Black, of Salt Lake City, Utah (B. E. Roberts, Calvin W. Rawlings, H. E. Wallace and Wayne L. Black, all of Salt Lake City, Utah, on the brief), for appellants.

Paul H. Ray, of Salt Lake City, Utah (S. J. Quinney, Grant C. Aadnesen and Ray, Quinney & Nebeker, all of Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Jack R. Francis and Delphia Packer Francis were husband and wife; and they were the parents of three children, all minors. Southern Pacific Company is a railway company. On the day in question, the westbound passenger train No. 21 of the company was operated in two sections. Francis and his wife were passengers on the first section. They boarded the train at Ogden, Utah, were en route to Carlin, Nevada, and occupied a berth in the rear car of the train. Francis was an employee of the company; and he and his wife were each using a pass issued by the company which contained a provision that in its use the user assumed all risk of injury to person or property whether by negligence or otherwise, and absolved the company from any liability therefor. The two sections of the train left Ogden approximately twelve minutes apart. A freight train ahead of the first section of the passenger train encountered difficulty at a point about 18 miles west of Ogden. On that account, the first section of the passenger train was compelled to stop, and it then moved forward slowly and cautiously. The second section crashed into the first section, and Francis and his wife were killed. The minor children of the deceased parents, acting through their general guardians, brought two actions against the company to recover damages, one based upon the death of their father and the other upon the death of their mother. The complaint in each case was in two counts. The first count charged failure to use ordinary care in the operation of the second section of the passenger train, and the second count charged wanton misconduct in the operation of the train. The company denied negligence and misconduct in the operation of the train, and pleaded in defense the provision of the pass absolving the company from liability. The two causes were consolidated for trial. The court submitted both cases to the jury on the issue whether the engineer of the second section was guilty of wanton misconduct in the operation of the train as charged in the second count of the complaint. Verdicts were returned for the company, judgments were entered accordingly, separate appeals were perfected, and the case involving the death of the father of the minor children is presently before us for determination.

Error is predicated upon the refusal of the court to submit to the jury the issue of ordinary negligence in the operation of the train as charged in the first count in the complaint. The argument is that the action is founded upon the law of Utah; that the action is independent of any right of action the father of the minors may have had; and that the conditions of the pass upon which their father was riding on the train do not abrogate or cut off their right of action. Article XVI, section 5, of the Constitution of

Utah, provides in substance that the right of action to recover damages for injuries resulting in death shall never be abrogated; and with an exception which does not have any bearing here, section 104—3—11, Utah, Code Ann.1943, provides in presently material part that when the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death, and that such damages may be given as under all the circumstances of the case shall be just. The statute does not provide for the survival of a right of action. Neither does it transfer a right of action from the decedent to his heirs. It creates a new right of action in the heirs which did not exist at common law. It is an action which arises on the death of the decedent. And it is separate and distinct from any action which the decedent might have maintained for personal injuries had he survived the accident. Mason v. Union Pacific Railway Co., 7 Utah 77, 24 P. 796; Halling v. Industrial Commission, 71 Utah, 112, 263 P. 78; Morrison v. Perry, 104 Utah, 151, 140 P.2d 772. But, even though it is a separate and distinct action which arises on the death of the decedent, the foundation of the right of action is the original wrongful injury to the decedent. And it is essential to the maintenance of the action that the wrongful act or default be of such character that the decedent could have maintained an action to recover damages for his injury if death had not ensued. While it is not a derivative action in the ordinary meaning of the term, recovery cannot be had unless the decedent could have recovered damages for his wrongful injury if he had survived. Northern Pacific Railway Co. v. Adams, 192 U.S. 440, 24 S.Ct. 408, 48 L.Ed. 513; Michigan Central Railroad Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417, Ann.Cas.1914C, 176; Mellon v. Goodyear, 277 U.S. 335, 48 S.Ct. 541, 72 L.Ed. 906; Flynn v. New York, New Haven & Hartford Railroad Co., 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837, 72 A.L.R. 1311.

■ At the time of the fatal accident, the father of the plaintiffs was using the pass issued to him in transportation in interstate commerce. The pass had been issued under the provisions of the Hepburn Act, Interstate Commerce Act as amended, 49 U.S.C.A. § 1. The force and effect of a condition attached to such a pass absolving the company from liability for injuries to person or property is not governed by the law of the state in which personal injury or death occurred. It is governed by federal law. Northern Pacific Railway Co. v. Adams, supra; Kansas City Southern Railway Co. v. Van Zant, 260 U.S. 459, 43 S.Ct. 176, 67 L.Ed. 348. And where the holder of a pass containing a provision of that kind uses it for transportation in interstate commerce as a passenger on the train of the company issuing the pass and is killed while en route as the result of an accident, the company is not liable to the surviving heirs of the deceased under a state statute such as section 104—3—11, supra, for damages proximately caused by ordinary negligence in the operation of the train. Northern Pacific Railway Co. v. Adams, supra. Therefore the court was correct in declining to submit to the jury the issue of ordinary negligence in the operation of the second section of the train, as charged in the first count of the complaint.

■ It is urged that the court erroneously admitted in evidence certain testimony given by a pathologist. One question of fact contested with vigor at the trial was whether the engineer in charge of the engine on the second section of the train, in wanton disregard of the consequences reasonably to be expected, passed two overlapping stop signals as he approached the point of the crash, or whether he died suddenly of coronary occlusion or advanced coronary arteriosclerosis before passing the second signal. In support of its contention that the engineer died of one or the other of such natural causes before passing the last stop signal, the company called as a witness a pathologist whose qualifications as an expert in that field are not challenged. The witness had performed about three thousand autopsies; and he was familiar with the usual autopsy reports, their terms and meanings. He examined the report of an autopsy made

upon the body of the engineer and testified at length, much of his testimony being based upon the report. And as an expert he expressed the opinion that cause of death was advanced coronary arteriosclerosis. In reaching that conclusion he took into consideration among other things the condition of the heart and the condition of the skin, emphasizing that live skin and dead skin would have reacted differently to the steam which poured into the cab of the engine immediately after the accident. After the witness had pointed out certain factors inhering in the equation, and after he had expressed the view that the cause of death was advanced coronary arteriosclerosis, a hypothetical question was propounded to him. The question was in conventional form and assumed with substantial accuracy a resume of most if not all of the pertinent physical facts and circumstances existing immediately prior to the collision, and afterwards, particularly the condition of the heart, the position of the body in the cab of the engine, and the condition of the skin on the body. With those facts hypothesized, the witness was asked whether in his opinion as an expert death or disability of the engineer had occurred at the time he failed to respond to the last stop signal before the accident. The witness answered that on the basis of the facts assumed in the question, it was his impression that the engineer would have responded normally had he been mentally competent at the time the red signal was seen. An objection was interposed to the question on the grounds that any conclusion to be arrived at from the facts assumed did not have anything to do with pathology, and that it called for the opinion of the witness on the matter to be determined by the jury and for that reason invaded the province of the jury. No motion was made to strike the answer on the ground that it was not responsive to the question or otherwise. The opinion of a witness qualifying as an expert is not admissible in evidence where the question for determination by the jury depends entirely on common knowledge and common understanding, and no special training or experience is required for its correct decision. In a case of that kind the jury is equally competent with the expert to weigh and appraise the evidence and to draw conclusions from it, and therefore expert testimony should be excluded. Milwaukee & St. Paul Railway Co. v. Kellogg, 94 U.S. 469, 24 L.Ed. 256; Inland & Seaboard Coasting Co. v. Tolson, 139 U.S. 551, 11 S.Ct. 653, 35 L.Ed. 270; Kenney v. Washington Properties, Inc., 76 U.S. App. D.C. 43, 128 F.2d 612, 146 A.L.R. 1; Henkel v. Varner, 78 U.S. App.D.C. 197, 138 F.2d 934; Lee v. Salt Lake City, 30 Utah 35, 83 P. 562; Musgrave v. Studebaker Bros. Co., 48 Utah 410, 160 P. 117.

But in a wide range of cases where the matter under inquiry is one with which the lay or uneducated mind is unfamiliar, expert testimony is admissible as an aid to the jury in reaching a correct solution of the controverted issue or issues. And where the inquiry involves a matter on which a witness by reason of his training, observation, and experience possesses expert knowledge which may be of aid to the jury in arriving at a correct solution of the issue or issues, it is not a well-grounded objection that the opinion elicited from the expert relates to the issue to be resolved by the jury. United States Smelting Co. v. Parry, 8 Cir., 166 F. 407; New York Life Insurance Co. v. Doerksen, 10 Cir., 64 F.2d 240.

The condition of the heart of the engineer as disclosed by the report of the autopsy was a matter peculiarly in the field of a scientific pathologist in its relation to the cause of the death, and likewise the condition of the skin as disclosed by the report in its reaction to the escaping steam immediately after the crash was a matter peculiarly in the field of a skilled pathologist. One had direct and material bearing upon the cause of death and the other direct and material bearing upon the time of death, whether before the accident or otherwise. It was by bringing into appropriate relation the pathological conditions and the physical facts and circumstances existing immediately before and after the fatal accident that the pathologist was enabled to form and express an opin-

ion as an expert concerning the cause of death and the time of death or disability with respect to the time the train passed the signal immediately before the accident. Viewed in the light of all the pertinent facts and circumstances developed at the trial, the expert opinion of the pathologist was admissible as a means of aiding the jury in resolving the issue immediately in controversy. Cf. New York Life Insurance Co. v. Doerksen, supra.

■ The remaining contention calling for consideration is whether the denial of the amended motion for new trial constituted reversible error. One ground of the original motion and of the amended motion was the insufficiency of the evidence to justify the verdict. Another ground was that the verdict was against the weight of the evidence. It is argued that the court abused its discretion in denying the amended motion because it appears that the verdict returned was against the overwhelming weight of the evidence, and that under the evidence the jury should have returned a verdict for plaintiffs. But it is settled law that the denial of a motion for new trial is not open to review for error of fact. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129.

■ An additional ground for new trial, raised for the first time in the amended motion filed more than forty days after entry of the judgment, was that in selecting the jury panel from which the jury was chosen to try the case mostly business executives or those having the employers' viewpoint were purposely selected; that wage earners and persons of working classes were purposely left off such panel; and that as the result of that method of selecting the panel, plaintiffs were denied a fair trial before a fair and impartial jury. The affidavit of one of the attorneys for plaintiffs was attached to the amended motion at the time of its filing. Five days later additional motions were filed in the case, intended to support the motion. And at the hearing on the motion, the clerk of

the court and the jury commissioner testified at length respecting the method used in selecting the names placed upon the jury panel. Trial by jury as firmly rooted in our jurisprudence contemplates an impartial jury drawn from a cross-section of the community. And while it is not necessary that every jury shall include representatives of all economic, social, racial, political, or geographical groups of the community, the stamp of approval cannot be placed upon a system for the selection of the panel of prospective jurors through which members of any of these groups are intentionally excluded. Distinctions and discriminations of that kind among such groups must be avoided. Otherwise, trial by a fair and impartial jury within the contemplation of law is denied. Thiel v. Southern Pacific Co., 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 118, 166 A.L.R. 1412; Cf. Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261. But subdivision (b) of Rule of Civil Procedure 59, 28 U.S.C.A. following section 723, provides that a motion for new trial shall be served not later than ten days after entry of the judgment, except that such a motion based upon the ground of newly discovered evidence may be made after that time and before the expiration of the time for appeal, with leave of court on notice and hearing, and on a showing of due diligence; and subdivision (c) provides that when the motion is based upon affidavits they shall be served with the motion. It is manifest that the amended motion for new trial, insofar as it sought to raise for the first time the question whether the jury panel had been improperly selected, was not filed within the time specified in the rule. It came too late. Moreover, ordinarily the granting or the denial of a motion for new trial rests largely in the sound judicial discretion of the trial court, and its action thereon will not be disturbed on appeal except in case of plain abuse of discretion. Long v. United States, 10 Cir., 139 F.2d 652; Gerson v. Anderson-Prichard Production Corp., 10 Cir., 149 F.2d 444. Taking into consideration the affidavits, the testimony of the clerk and the jury commissioner, and the other relevant facts and circum-

stances, we find ourselves unable to say that the court abused its discretion in the denial of the amended motion for new trial.

The judgment is affirmed.