**FINE v. PARAMOUNT PICTURES,**
Inc., et al.

No. 10155.

United States Court of Appeals
Seventh Circuit.

April 17, 1950.

See also 7 Cir., 171 F.2d 571.

Laurence M. Fine, Chicago, Ill., for plaintiff.

Isaac E. Ferguson, Chicago, Ill., for defendants.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The defendants-appellees have filed a motion in this Court to grant leave to the defendants to docket the appeal taken in this case by the plaintiff by a notice of appeal filed in the District Court January 6, 1950; and to then dismiss the appeal on the ground that the appeal was not taken in time and on the further ground that the record on appeal was not filed in this Court within the allotted time. The plaintiff-appellant on March 29, 1950, filed an answer to defendants'-appellees' motion and filed a counter-motion asking the Court to extend for thirty days the time for filing the record on appeal in this case.

In plaintiff's action for damages for false arrest, the jury returned a verdict for defendants on October 31, 1949. On the same day the District Court entered a judgment for the defendants. The last sentence of the entry is as follows:

"Whereupon the plaintiff by his counsel enters his motion orally for a new trial and it is

"Ordered that said motion be and it is hereby set for hearing on December 9, 1949, at 2 o'clock p. m."

The defendants state that on that date plaintiff's counsel merely requested the Court to set for hearing a motion for a new trial, whereupon the Court fixed December 9, 1949, as the date for such hearing.

It is admitted that no written motion for a new trial was at any time filed or served by the plaintiff. Nor does the record show any reasons assigned for a new trial.

On December 9th a brief hearing on the motion for a new trial was held, at which time the attorney for the defendants objected to the Court that he had not seen the motion for a new trial. To this the Court replied: "He does not have to make any formal motion for a new trial as yet."

On the same day the Court entered an order denying the motion.

On January 6, 1950, the plaintiff filed his notice of appeal. On February 15, within the forty day period, plaintiff filed in the District Court his written motion for an extension of the time for filing the record on appeal. This motion was not granted. Subsequent to that time the plaintiff-appellant took no further steps in the matter until March 29, when his counter-motion and his answer to the defendants' motion were filed in this Court. No record has yet been filed in this Court.

The defendants contend that Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A., requires the filing and service of a written motion for a new trial; that since no such motion was filed or served by the plaintiff, the time for taking his appeal was not tolled and consequently expired November 30, 1949, thirty days after the entry of the judgment.

Rule 7(b) of the Federal Rules of Civil Procedure provides that all applications to the Court for orders shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the ground therefor, and shall set forth the relief or order sought.

Rule 59 provides that in an action in which there has been a trial by jury a new trial may be granted to a party for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States, and that such a motion "shall be served not later than 10 days after the entry of the judgment."

Rule 73(a) provides that an appeal may be taken within thirty days from the entry of the judgment, with certain exceptions not here applicable, and that the time for appeal commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment, (2) granting or denying a motion to amend or make additional findings of fact, (3) granting or denying a motion to alter or amend the judgment, or (4) denying a motion for a new trial under Rule 59.

Since the plaintiff failed to file his notice of appeal within thirty days from the entry of the judgment, this Court has no jurisdiction to entertain the appeal unless the thirty day period for taking an appeal commenced to run and is to be computed from December 9, 1949, the date of the order of the District Court denying the motion for a new trial.

As we have seen above the time for an appeal commences to run from the entry of an order denying a motion for a new trial only when such order is made on a "timely" motion for new trial under Rule 59.

We are of the opinion that plaintiff failed to file and serve such a motion for a new trial as is required by Rule 59.

The purpose of a motion for a new trial is to point out to the trial court alleged errors, so that they may be corrected by that court, and also for the purpose of furnishing a record to courts of appeals for the review of the action of the trial court.

Rule 59 specifies the reasons for which a new trial may be granted, either on the motion of a party or on the court's own initiative. This Rule also expressly provides that even if a new trial is or-

dered on the initiative of the court, the order shall specify the grounds therefor. Paragraph (b) of this Rule also provides that the motion must be served on the opposing party not later than ten days after the entry of the judgment, thus providing an opportunity to the opposing party to know and to prepare to meet the reasons assigned for the motion.

These provisions indicate that the reasons for the motion must be set out and made a matter of record, either by the party, or in the order of the court when the order is made on the court's own initiative. As said in Freid v. McGrath, 76 U.S.App.D.C. 388, 133 F.2d 350, 355; "When the new trial is granted upon motion of a party, the grounds appear in the motion, as the reasons assigned by the movant in compliance with requirements of Rule 59(a). When the judge acts of his own initiative he must set out the grounds in his order. Otherwise, the purpose of the rule will not be accomplished: the record will not reveal the basis upon which the order is made or permit intelligent review by an appellate court."

■ A court may not grant a motion for a new trial on a reason assigned after the ten day period for filing and serving the motion has expired. Francis v. Southern Pacific Company, 10 Cir., 162 F.2d 813, affirmed 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798. The court there said, 162 F.2d page 818: "It is manifest that the amended motion for a new trial, insofar as it sought to raise for the first time the question whether the jury panel had been improperly selected, was not filed within the time specified in the rule. It came too late."

On this reasoning the court would have been without jurisdiction to consider the motion at all if no reasons had been assigned within the ten day period.

In Freid v. McGrath, supra, the order of the district court granting a new trial on a reason not assigned in the motion, was reversed on the ground that it amounted to an order on the court's own initiative, an order which the court had no jurisdiction to enter after the expiration of the ten day period from the entry of the judgment.

■ In the instant case no written motion for a new trial, assigning reasons therefor, was filed or served. An oral motion for a new trial without reasons assigned therefor and made a matter of record even if made "during the trial" cannot be considered as compliance with Rule 59.

The plaintiff contends that: "The Rules say the motion can be made orally at the time of trial, after the verdict." Rule 7(b), on the general requirements as to motions, does make provision for oral motions "made during a hearing or trial". Even if we could say that this general provision now authorizes an oral motion for a new trial (although Rule 59 seems to clearly require a written motion) and even if we could say that an oral motion made at the conclusion of the entry of the judgment was "during the trial", we would still be required to hold that plaintiff's motion for a new trial in this case was insufficient.

■ This is true because the record fails to show any reasons which were assigned for the motion within ten days after the entry of the judgment. If reasons for the oral motion were first assigned and made known to the court and the defendants on December 9, when the motion was argued and denied, they came too late to toll the time for taking an appeal. The trial court did not have jurisdiction to hear and pass on reasons for a new trial which were not assigned and served on the defendants within ten days after the entry of the judgment. The plaintiff insists that the trial court in hearing and acting on the oral motion for a new trial "exercised its right, power and discretion," under Rule 59(d); that plaintiff's time for taking an appeal commenced to run on December 9, 1949, the day the motion was denied; and that the notice of appeal filed on January 6, 1950, was, therefore, within the thirty day period and timely. The fallacy in this argument is that Rule 59(d) deals only with the granting of a new trial by the court on its own initiative and limits the jurisdiction of the court for such action to a period of ten days after the entry of the judgment. Rule 59(d) makes no mention of a motion for a new trial made by a party.

■ A trial court by assuming to hear and determine a belated motion for a new trial cannot thereby affect the finality of the judgment and enlarge the time for taking an appeal. Safeway Stores v. Coe, 78 U.S. App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782. Nor can the consideration of a motion without any reasons assigned therefor be so used. Neither a belated motion nor a motion without reasons can give the trial court the jurisdiction necessary to hear and act on such motion, thereby enlarging the time for appeal.

Since plaintiff did not take his appeal within thirty days from the entry of the judgment, nor file and serve a proper and timely motion for a new trial, his right to appeal was lost.

The counter-motion of plaintiff-appellant for additional time within which to file his record on appeal is denied. The motion of the defendants-appellees for leave to docket the appeal taken in this case by the plaintiff is granted; and upon the appeal being so docketed, it is ordered that it be dismissed at plaintiff's costs.