**WITT v. MERRILL et ux.**
No. 6740.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1953.

Decided Nov. 14, 1953.

Charles J. Henderson, Charlotte, N. C., and William E. Chandler, Jr., Greenville, S. C. (Henderson & Henderson, Charlotte, N. C., and Chandler & Chandler, Greenville, S. C., on brief), for appellant.

C. T. Wyche and Alfred F. Burgess, Greenville, S. C. (Wyche, Burgess & Wyche, Greenville, S. C., on brief), for appellees.

Before PARKER, Chief Judge and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a motion to docket and dismiss an appeal on the ground that it was not taken within the thirty days allowed by rule 73(a) of the Rules of Civil Procedure, 28 U.S.C.A. It appears that the notice of appeal was duly filed within thirty days of the denial of a motion for a new trial made by appellant but more than thirty days after the entry of the judgment in the case.

When the jury returned a verdict for defendant on March 6, 1953, counsel for plaintiff immediately made a motion for a new trial in open court and had it entered on the record. The court did not pass on the motion at that time but postponed the arguments thereon and gave leave to plaintiff to file brief in support thereof. Thereafter, between March 6 and April 25, counsel for the parties were in touch with each other and counsel for plaintiff were endeavoring to obtain from the court reporter a transcript of the testimony for use on the hearing of the motion. Counsel for defendant did not intimate during this period that he was taking the position that the court was without jurisdiction to hear the motion, but on April 25 addressed a letter to

plaintiff for the first time taking this position and citing the decision in Fine v. Paramount Pictures, Inc., 7 Cir., 181 F.2d 300, upon which he principally relies here. On June 18 the trial judge after receiving briefs and hearing arguments entered an order denying the motion on the merits as well as on the ground that he was without jurisdiction to pass upon it. The defendant takes the position that the pendency of the motion did not extend the time for taking appeal because the motion was not in writing and the grounds of the motion were not stated.

 We think that so far as the requirement of writing is concerned, it is sufficient that the motion was made in open court and entered upon the record immediately following the rendition of the verdict. It is not necessary that a motion be made in writing if made "during a hearing or trial". Rule 7(b) (1). In so far as stating grounds is concerned, we think it enough to extend the time for taking appeal that the trial judge entertained the motion, postponed the hearing thereon and gave counsel leave to file brief in support of his position. The taking of such action by the trial judge distinguishes this case from the case of Fine v. Paramount Pictures, Inc., supra, upon which defendant relies. It is elementary that where a motion for new trial is made in time and is entertained by the court, the time allowed for appeal does not begin to run until the motion is disposed of. Slaughter-house Cases (Butchers' Benevolent Association v. Crescent City Live-stock Landing and Slaughter-house Company), 10 Wall. 273, 19 L.Ed. 915; City of Memphis v. Brown, 94 U.S. 715, 24 L.Ed. 244; Vorhees v. John T. Noye Mfg. Co., 151 U.S. 135, 137, 14 S.Ct. 295, 38 L.Ed. 101; Wayne United Gas Co. v. Owens Illinois Glass Co., 300 U.S. 131, 138, 57 S.Ct. 382, 81 L.Ed. 557; Bowman v. Loperena, 311 U.S. 262, 266, 61 S.Ct. 201, 85 L.Ed. 177; Suggs v. Mutual Benefit Health & Accident Ass'n, 10 Cir., 115 F.2d 80; Babler v. United States, 8 Cir., 137 F.2d 98.

The liberal Rules of Civil Procedure must not be transformed by judicial interpretation into technical traps for the unwary. As we said in Fishbaugh v. Armour & Co., 4 Cir., 185 F.2d 541, 542, "* * * the rules should be liberally construed and review should not be denied on mere technicalities where this can be avoided." To hold that the motion for new trial was a nullity because the grounds were not stated, even though the trial judge entertained it, continued it for purposes of argument and permitted the parties to file briefs addressed to it, would be to deny review on a technicality in contravention of the spirit of the rules.

The motion will be denied.

Motion denied.