Mrs. M. S. TURNER and Husband, M. S. Turner, Plaintiffs-Appellants,

v.

OHMAN HOUSE CORPORATION, Defendant-Appellee.

No. 16805.

United States Court of Appeals Sixth Circuit.

April 28, 1967.

\* Of the Second Circuit sitting by designation.

Harold R. Ratcliff, Memphis, Tenn., Ratcliff, Paul, White & Van Eaton, Memphis, Tenn., on the brief, for appellants.

John R. Gilliland, Memphis, Tenn., Montedonico, Gilliand, Heiskell, Davis, Canale & Glankler, Memphis, Tenn., of counsel, for appellee.

Before O'SULLIVAN, PECK and McCREE, Circuit Judges.

JOHN W. PECK, Circuit Judge.

The complaint herein prays for damages for personal injuries suffered by one of the plaintiffs and for loss of consortium and related damages allegedly suffered by her husband, the other plaintiff. The former will herein be referred to as "plaintiff" (since for present purposes we are not concerned with the husband's allegations of damages), and the defendant-appellee will be referred to as the "defendant."

The facts are established by the complaint, answer and the evidence adduced at trial in the District Court. It has been thus established that defendant operates a number of small restaurants or snack bars in Memphis, Tennessee, and that on the date in question plaintiff suffered a fall in one of such snack bars. This establishment had no tables and the customers were served and ate at a counter at which they were seated on padded, revolving stools. Each stool was supported by a single post, and the several posts were based upon a ledge which ran the length of the counter. This ledge was 28⅜ inches in width and its surface was seven inches higher than the surface of the floor. The entire floor was of ceramic tile with the horizontal surfaces of the same color, but with the vertical surface, or riser to the ledge, of a contrasting color. It is further established that plaintiff, having with her husband and certain other members of her family eaten her noon meal of sandwiches and a soft drink, turned to leave the counter. She thereupon fell to the floor, suffering the injuries complained of.

It is the plaintiff's contention that defendant was negligent in mounting the stools "on the edge of the ledge immediately over the depression," failing to have the horizontal surface of the ledge and the remainder of the floor in contrasting colors, in permitting the ledge and floor to be "slick and slippery, either as a result of a foreign substance being thereon or as a natural condition of the tile floor," in having a "rickety stool" for the use of customers mounted on the "extreme edge" of the ledge, and in failing to take "any precaution whatsoever" to avoid injury to such persons as the plaintiff.

The cause was tried to a jury in the District Court and all of the issues indicated above were submitted for its determination except two. The first relates to the allegation of a "foreign substance" on the floor, and there having been a

failure of proof on this subject, no submission thereof was made; no issue is made on this point in this court. The second involved plaintiff's contention that she had been seated on a "rickety stool," and a discussion of this subject is hereinafter contained. Following the overruling of a motion made at the close of the evidence by the defendant for a verdict in its favor, the jury returned a verdict for the defendant. Upon the overruling of the motion for a new trial appeal to this court was perfected.

Referring to the refusal to submit the issue as to whether plaintiff was caused to fall because of an alleged unstable condition of the stool, in the Memorandum Decision indicating the grounds for the overruling of the motion for a new trial, it is stated,

"The Court took this action (1) because there was no evidence that the defendant knew or in the exercise of reasonable care should have known that the stool was unstable if in fact it was and (2) because the Court believed that it would be speculation or conjecture for the jury to have found, under the evidence, that the alleged unstable condition of the stool was a proximate cause of the accident."

■ It is first observed that the trial judge would have been justified in refusing to submit this issue on the ground of failure of proof of a defective condition of the stool. The only evidence on this point was presented by witnesses of the plaintiff, who testified that several days after the accident the stool in question could be tilted a quarter or half an inch. In addition to the fact that there was no testimony that this condition obtained at the time of the occurrence, there is no evidence that such a tilting is beyond permissible limits and constitutes a defective condition, nor is there even evidence that all such stools do not possess a similar characteristic. The plaintiff testified that "the stool kind of wobbled or something or other," and that it "wiggled," but even construed most strongly in her favor nothing in her testimony constitutes evidence of a defective stool.

■ As is stated in the portion of the trial judge's Memorandum Decision quoted above, one of the grounds of his refusal to submit the issue as to whether plaintiff was caused to fall because of the alleged unstable condition of the stool was that it would have constituted "speculation or conjecture for the jury to have found * * * that [such] condition of the stool was a proximate cause of the accident." Assuming arguendo that evidence of a defective condition could be found in the record, the District Court was correct in the determination that no evidence of proximate cause existed in this regard; to the contrary, in her own testimony plaintiff repeatedly stated that she fell because "the floor wasn't where I thought it was." On this ground alone the refusal to submit this issue was justified, and it therefore becomes unnecessary to discuss the applicable rules of actual and constructive knowledge on the part of the defendant under Tennessee law, and no determination on that subject is here made.

As has been pointed out, in addition to the issue presented with reference to the alleged rickety stool the complaint and answer create issues as to the mounting of the stools, failure to have the horizontal surfaces of the ledge and floor in contrasting colors, permitting them to be "slick and slippery," and in failing to take "any precaution whatsoever" to avoid injury to such persons as the plaintiff. These matters are encompassed within the questions presented in plaintiff's brief, and in addition other questions are claimed by plaintiff to exist as presented under her exceptions to the Court's general charge to the jury and its refusal to give special charges requested by her. Although we are not persuaded that plaintiff could prevail on any of the issues so presented, we are precluded from reaching them on the record before us.

■ This preclusion results from the fact that the motion for a new trial set forth as its *only* ground the refusal

of the Court "to permit the jury to consider the allegations and evidence that the defendant was guilty of negligence because the stool upon which [the plaintiff] was seated was unstable, and had a rocking or tilting motion, and in assigning as its reason for doing so that no notice to the defendant of the condition of the stool was shown." * There is abundant and well-founded authority for the proposition that a district court lacks authority to grant a new trial on the basis of reasons assigned after the 10-day period for filing and serving the motion under Rule 59(b), Federal Rules of Civil Procedure, has expired. In Russell v. Monongahela Railway Co., 262 F.2d 349 (3d Cir. 1958) it was stated (p. 354):

> "Approximately eight months after filing its motion for a new trial, defendant supplied a supplementary list of ten additional reasons in support of its motion for a new trial. The district court was of the opinion that under Rule 59(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., it lacked authority to grant a new trial on reasons assigned after the ten-day period for filing and serving the motion had expired. We agree with the district court. Francis v. Southern Pacific Co., 10 Cir., 1947, 162 F.2d 813, affirmed, 1948, 333 U.S. 445, 68 S. Ct. 611, 92 L.Ed. 798; Cheffey v. Pennsylvania R. R. Co., D.C.E.D.Pa. 1948, 79 F.Supp. 252; McHugh v. Audet, D.C.M.D.Pa.1947, 72 F.Supp. 394; 10 Cyclopedia of Federal Procedure § 34.17 (3d ed. 1952); 6 Moore, Federal Practice ¶59.09 [2] (2d ed. 1953). And see Fine v. Paramount Pictures, Inc., 7 Cir., 1950, 181 F.2d 300; Schuyler v. United Air Lines, Inc., D.C.M.D.Pa.1950, 94 F.Supp. 472, affirmed per curiam, 3 Cir., 1951, 188 F.2d 968. *But even were this not so, we would be constrained to affirm the trial court inasmuch as the lack of objection to these matters at the trial*

*and the failure to assign them in the original motion for new trial clearly indicates that the defendant itself did not consider these items significant and prejudicial."* (Emphasis supplied.) See also Gimbel Bros., Inc. v. Markette Corporation, 200 F.Supp. 95, 101 (E.D.Penn.1961).

The District Court not having had before it the additional issues argued here for the first time, and therefore not having had an opportunity to pass upon them in consideration of the motion for a new trial, the overruling of which forms the basis of the present appeal, we are prevented by logic and precedent from considering them here.

Affirmed.

---

* Plaintiff chooses to ignore the fact that both the actual or constructive notice ground and the proximate cause ground were expressly assigned by the trial judge as the basis of his refusal; see the portion of his Memorandum Decision quoted above.