**Kyle and Polly McCONNELL, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 2256.**

United States District Court, E. D. Tennessee, Northeastern Division.

Aug. 7, 1970.

On Motion for Reconsideration Sept. 29, 1970.

See also D.C., 295 F.Supp. 605.

John S. McLellan, Shelbourne Ferguson, Jr., Kingsport, Tenn., Anthony F. Cafferky, Washington, D. C., for plaintiffs.

John L. Bowers, U. S. Atty., Knoxville, Tenn., D. Wendell Barnett, John Murray, Dept. of Justice, Washington, D. C., for defendant.

### MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Judgment was entered herein on May 6, 1970 adversely to the contentions of the plaintiffs. Thirteen days afterward, on May 19, 1970, they made motions, first, to have the verdict of the jury set aside and to have judgment entered in accordance with their motion for a directed verdict, Rule 50(b), Federal Rules of Civil Procedure, and in the alternative, for a new trial, Rule 59(b), Federal Rules of Civil Procedure.

A motion under Rule 50(b), *supra*, may not be made later than 10 days after entry of Judgment. Johnson v. New York, New Haven & Hartford R. Co. (1952), 344 U.S. 48, 50, 73 S.Ct. 125,

97 L.Ed. 77, 81 (headnote 1). A motion under Rule 59(b), *supra*, may not be made later than 10 days after entry of judgment. Leishman v. Associated Wholesale Elec. Co. (1943), 318 U.S. 203, 206, 63 S.Ct. 543, 87 L.Ed. 714, 716, fn. 4, rehearing denied (1943), 318 U.S. 800, 63 S.Ct. 758, 87 L.Ed. 1163; Turner v. Ohman House Corporation, C.A. 6th (1967), 376 F.2d 347, 350 [4]. Thus, neither motion was timely filed, and this Court is forbidden to consider either. Johnson v. New York, New Haven & Hartford R. Co., *supra*. Rule 6(e), Federal Rules of Civil Procedure, provided the plaintiffs no surcease in this situation, because here, in both instances, the time started to run from entry of judgment, and it was the plaintiffs who were required *to* serve these motions. See 2 Moore's Federal Practice (2d ed.) 1497, ¶ 6.12.

For these reasons, such motions hereby are

Denied.

## ON MOTION FOR RE-CONSIDERATION

The plaintiffs ask for a reconsideration of the Court's opinion of August 7, 1970, to the effect that their motions for a judgment notwithstanding the verdict or, in the alternative for a new trial, were untimely filed. The adverse parties are in agreement that the plaintiffs served these motions on the defendant, by mailing, eight days after the entry herein of the judgment of May 6, 1970, although they were not filed with the clerk of this Court until May 19, 1970.

■ Rule 50(b), Federal Rules of Civil Procedure, is clear that a party who has moved for a directed verdict may " * * * move to have the verdict and any judgment entered thereon set aside and to have judgment entered in

accordance with his motion for a directed verdict * * * *", within 10 days after the entry of judgment. If such motion is not filed with the clerk within that period, this Court is forbidden to enter a judgment notwithstanding the verdict. Johnson v. New York, New Haven & Hartford R. Co. (1952), 344 U.S. 48, 50, 73 S.Ct. 125, 97 L.Ed. 77, 81 (headnote 1). In this aspect, the plaintiff's motion for a reconsideration hereby is

Denied.

Rule 59(b), Federal Rules of Civil Procedure, clearly requires a motion for a new trial to " * * * be served * * * *" within 10 days after the entry of a judgment. " * * * Service by mail is complete upon mailing." Rule 5(b), Federal Rules of Civil Procedure. It is conceded that the plaintiffs' motion for a new trial herein was *served* on the defendant within the ten-day period allowed by the rule. In addition to the *Leishman* case of the Supreme Court cited in this Court's memorandum of August 7, 1970, " * * * [t]here is abundant and well-founded authority for the proposition that a district court lacks authority to grant a new trial on the basis of reasons assigned after the 10-day period *for filing* [emphasis added] and serving the motion under Rule 59(b), Federal Rules of Civil Procedure has expired. * * * *" Turner v. Ohman House Corporation, C.A.6th (1967), 376 F.2d 347, 350 [4]; see also Safeway Stores v. Coe, (1943), 78 U.S.App.D.C. 19, 136 F.2d 771, 775 [9–11]; Fine v. Paramount Pictures, C.A.7th (1950), 181 F.2d 300, 303 [3]; Slater v. Peyser, (1952), 91 U.S.App.D.C. 314, 200 F.2d 360, 361 [1–3]; Hulson v. Atchison, T. & S. F. Ry. Co., C.A.7th (1961), 289 F. 2d 726, 729 [4], certiorari denied (1961), 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36.

■ Despite this host of authorities to the contrary, in the light of the plain

**502**

and unambiguous language of Rule 59 (b), *supra*, the stipulated fact that the plaintiffs *served* their motion for a new trial within 10 days after the entry of judgment herein, and the fact that Rule 5(d) provided that

> All papers after the complaint to be served upon a party shall be filed with the court either before service *or within a reasonable time thereafter.* [emphasis supplied],

this Court must, and hereby does, respectfully find and conclude that the plaintiffs' motion should be granted.

■■ There is no contention that the jury herein did not try this matter upon correct instructions. Thus, " * * * the only inquiry is whether it cannot be said that reasonable men could reach differing conclusions on the issue * * " submitted to them, Commissioner of Internal Revenue v. Duberstein (1960), 363 U.S. 278, 291–292, 80 S.Ct. 1190, 1200, 4 L.Ed.2d 1218, 1228 (headnote 14); and, because of the basically factual inferences, this Court can only conclude that the conclusions of the jury could with reason have been reached on the evidence adduced before them. United States v. Kaiser (1960), 363 U.S. 299, 304–305, 80 S.Ct. 1204, 1207, 4 L.Ed.2d 1233, 1236–1237. This Court is not free to reweigh the evidence and set aside the verdict reached by the jury, " * * * merely because the jury could have drawn different inferences or conclusions or because judges [might] feel that other results are more reasonable. * * * " Tennant v. Peoria & Pekin Union R. Co. (1944), 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520, 525 (headnotes 7, 8), rehearing denied (1944), 321 U.S. 802, 64 S.Ct. 610, 88 L.Ed. 1089. The plaintiffs' motion for a new trial lacking merit, it hereby is

Denied.