Charles E. WILLIS, Petitioner-Appellant,

v.

Lansome NEWSOME, Warden, Respondent-Appellee.

No. 83–8842
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 26, 1984.

---

Gerald P. Word, Carrollton, Ga., for petitioner-appellant.

Mary Beth Westmoreland, Atlanta, Ga., for respondent-appellee.

## ON PETITION FOR REHEARING

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Willis petitions for rehearing from the panel's dismissal of his appeal for failure to file a timely notice of appeal. On the record initially submitted with the appeal, it appeared that Willis' notice of appeal was not filed until September 23, 1983, thirty-one days after the entry of judgment below. In an affidavit accompanying the instant petition, Willis' attorney now asserts that the notice of appeal, which was received by the district court on September 23, was mailed on September 21 after a conversation with the district court clerk, in which the clerk informed counsel that according to local custom, the notice of appeal would be stamped September 21, 1983. At the time this conversation took place, Willis still could have filed a timely notice of appeal by hand delivery. In addition, if Willis had been told by the district court's filing clerk that the notice had not been dated as filed on the 21st, and therefore was untimely, he had until October 21, 1983, to file a motion to extend.

Although the mailbox rule does not apply to notices of appeal, *see Barksdale v. Blackburn*, 647 F.2d 630 (5th Cir., 1981), *rev'd on other grounds*, 454 U.S. 1118, 102 S.Ct. 962, 71 L.Ed.2d 106 (1981), *modified*, 670 F.2d 22 (5th Cir.1982), and would not be an appropriate custom for the district court's filing procedure, the instant case presents a somewhat different issue. If Willis was indeed relying on the district court's representation that his notice of appeal would be timely if mailed on September 21, and was thus lulled into failing to arrange for an alternative method of filing or moving for an extension of time to file, the appeal should not have been dismissed as untimely. Courts will permit an appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity. *See Thompson v. Immigration and Naturalization Service*, 375 U.S. 384, 386–87, 84 S.Ct. 397, 398–99, 11 L.Ed.2d 404 (1967); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 217, 83 S.Ct. 283, 285, 9 L.Ed.2d 261 (1962); *Aviation Enterprises, Inc. v. Orr*, 716 F.2d 1403, 1406 n. 25 (D.C.Cir.1983); *Needham v. White Laboratories, Inc.*, 639 F.2d 394, 398 (7th Cir.), *cert. denied*, 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 237 (1981); *Flint v.*

*Howard,* 464 F.2d 1084, 1087 (1st Cir.1972). The Rules of Appellate Procedure "were not adopted to set traps and pitfalls by way of technicalities for unwary litigants." *Des Isles v. Evans,* 225 F.2d 235, 236 (5th Cir. 1955); *see also* Advisory Committee Notes to Federal Rules of Appellate Procedure 3 & 4 ("decisions under the present rules which dispense with literal compliance in cases in which it cannot fairly be exacted should control interpretation of these rules").

We remand the instant case for the limited purpose of determining whether Willis reasonably and in good faith relied upon a representation by the district court as to the timeliness of his September 21 notice. If the district court so finds, such finding should be certified to this court, and we will assume jurisdiction over the merits of the appeal without requiring a second notice of appeal.

The petition for rehearing is GRANTED, our previous unpublished opinion, 738 F.2d 450, (11th Cir.1984), is VACATED, and the cause is REMANDED WITH INSTRUCTIONS.