**Felix BUTLER, Plaintiff-Appellee, Cross-Appellant,**

v.

**CORAL VOLKSWAGEN, INC., Defendant-Appellant, Cross-Appellee.**

No. 86–5407.

United States Court of Appeals, Eleventh Circuit.

Oct. 27, 1986.

D. Culver Smith, III, Steel, Hector, Davis, Burns & Middleton, West Palm Beach, Fla., for defendant-appellant, cross-appellee.

Joseph A. Vassallo, Lake Worth, Fla., I. Jeffrey Pheterson, Raton, Fla., for plaintiff-appellee, cross-appellant.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

CORRECTED OPINION

PER CURIAM:

This case is before the court on appellee's motion to dismiss the appeal as untimely.[1]

A. *Facts.*

The district court, 629 F.Supp. 1034, entered final judgment for plaintiff-appellee Felix Butler ("Butler") in this case on March 4, 1986.[2] Defendant-appellant Coral Volkswagen ("Coral") claims that it did not receive a copy of this final judgment until March 12. As a result, on March 14, Coral filed what it labeled a "Motion for New Trial, Motion for Leave to Amend the Motion for New Trial, and Motion to Extend the Time for Filing Supporting Memorandum." On March 26, twenty-two days after final judgment, the district court granted Coral's motion for extension of time to file a supporting memorandum.

On April 3, Butler filed a motion to vacate the March 26 order.[3] Butler argued that Coral's March 14 motion was merely a motion for extension of time to file a new trial motion. Since it was not a motion for new trial, the court could not grant a motion to amend since there was nothing to amend. More fundamentally, Butler pointed out that the district court may not enlarge the time for filing a new trial motion. Fed.R.Civ.P. 6(b).

On April 15, before the trial court ruled on Butler's motion to vacate the March 26 order, Coral filed an "Amended Motion for New Trial and Memorandum of Law in Support of Motion." On April 24, the court denied Butler's motion to vacate the March 26 order, declaring that Coral's motion for new trial "stands as filed on April 16, 1986." On April 25, the court denied Cor-

---

1. Appellee also moves for leave to file a reply memorandum to appellant's response. This reply memorandum was forwarded to the court along with appellee's request for leave to file. Appellee's motion is granted.

2. Findings of fact and conclusions of law were issued from the bench on December 12, 1984. Transcripts of this ruling were made available to the parties on January 14, 1986. Coral con-

tends that the final judgment entered on March 4 differed substantially from the earlier findings on the issue of prejudgment interest.

3. Butler did not file a memorandum in opposition to Coral's March 14 motion because, he alleges, he was not served with a copy of that motion until after the time had passed for filing a memorandum.

al's amended motion for new trial. May 3 was the sixtieth day after final judgment.[4] Coral noticed its appeal on May 27, thirty-two days after the court denied its new trial motion. The thirtieth day after the denial of the motion was May 25, a Sunday; May 26 was Memorial Day. Under Fed.R. App.P. 26(a), neither day could be included in calculating the thirty days Coral had to take an appeal from the district court's April 25 order. Thus, if the thirty-day period began on April 25, Coral's appeal is timely filed. *See Newson v. First Alabama Bank of Huntsville*, 604 F.2d 316 (5th Cir.1979) (where the day on which the filing period would have ended was a legal holiday, the party receives an additional day on which to file).

B. *Analysis of Rules.*

Notice of appeal in this case was filed eighty-four days after the entry of final judgment. Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that the losing party must file his notice of appeal "within thirty days after the date of entry of the judgment or order appealed from." The district court may extend the time for filing the appeal for an additional thirty days upon a showing of "excusable neglect." Fed.R.App.P. 4(a)(5). If the losing party files a timely Rule 59 motion for a new trial, however, the time for noticing the appeal begins to run "from the entry of the order denying a new trial or granting or denying any other such motion." Fed.R. App.P. 4(a)(4). The district court may not entertain a motion for new trial more than ten days after the entry of final judgment. Fed.R.Civ.P. 59(b). This time period may not be extended by the district court. Fed. R.Civ.P. 6(b).

Simply put, if the time for noticing the appeal began on the date of final judgment, this appeal must be dismissed. If, however, the time began to run when the district court denied the amended new trial motion, the appeal may proceed.

Coral asserts that its March 14 motion was a timely motion for new trial which, pursuant to Rule 4(a)(4), tolls the running of the appeal period until such motion is granted or denied. Butler contends that this motion was simply a request for an extension of time to file an initial new trial motion, and was not itself a valid new trial motion. As noted above, the March 14 motion was labeled by Coral as "Defendant's Motion for New Trial, Motion for Leave to Amend Motion for New Trial, and Motion to Extend the Time for Filing Supporting Memorandum." The entire text of the motion consists of the following:

Defendant, CORAL VOLKSWAGEN, INC., moves for a new trial, moves for leave to amend this motion for new trial in order to assert specific grounds upon which the motion for new trial is based, and moves to extend the time for filing a memorandum of law in support of the motion for new trial, on the following grounds:

1. Rule 59 of the Federal Rules of Civil Procedure requires motion for new trial to be served not later than ten days after the entry of the judgment.

2. Final Judgment in this matter was entered by the Clerk on March 4, 1986, but was not received by the undersigned attorney for Defendant until March 12, 1986, two days prior to the deadline for filing a motion for new trial.

3. The undersigned needs more than two days to prepare and serve a comprehensive motion for new trial and supporting memorandum.

Appellee's Motion to Dismiss Appeal, Exhibit C.

Butler correctly notes that a motion must "state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed.R.Civ.P. 7(b)(1). Thus, failure to assert particular grounds can result in the denial of a new trial motion. *See,*

---

**4.** Since May 3 fell on a Saturday, Coral would have had until May 5 to notice its appeal if the district court found that there was "excusable neglect" for failing to meet the thirty-day requirement of Rule 4(a) of the Federal Rules of Appellate Procedure. If, however, the time for taking an appeal was tolled for any reason, the May 5 deadline is not material.

e.g., *Stinebower v. Scala,* 331 F.2d 366 (7th Cir.1964). Butler contends that failure to assert particular grounds can also deprive the movant of the tolling effect which a proper new trial motion would have provided.[5] In response, Coral claims that it reasonably relied on the district court's decision to entertain the new trial motion, and that equitable considerations justify treating their appeal as timely.

The Fourth Circuit was presented with this issue in *Witt v. Merrill,* 208 F.2d 285 (4th Cir.1953). In *Witt,* counsel for plaintiff made an oral motion for new trial, without stating the grounds therefor, as soon as the jury returned its verdict for the defendant. The court did not pass on the motion at the time, but postponed argument and gave plaintiff leave to file a brief in support. Over a month later, defendant claimed that the original motion was insufficient and that the court was without jurisdiction to entertain the amended motion. The district court, three months after final judgment, denied the new trial motion on the merits and on the ground that it was without jurisdiction to pass upon it. When plaintiff subsequently appealed, defendant moved to dismiss the appeal as untimely. Defendant claimed that since no grounds were stated for the original new trial motion, such motion could not serve to toll the period for filing an appeal. The court of appeals disagreed:

> In so far as stating grounds is concerned, we think it enough to extend the time for taking appeal that the trial judge entertained the motion, postponed the hearing thereon and gave counsel leave to file brief in support of his position. The taking of such action by the trial judge distinguishes this case from

the case of *Fine v. Paramount Pictures, Inc.,* [181 F.2d 300 (7th Cir.1950)], upon which defendant relies. It is elementary that where a motion for new trial is made in time and is entertained by the court, the time allowed for appeal does not begin to run until the motion is disposed of....

> The liberal Rules of Civil Procedure must not be transformed by judicial interpretation into technical traps for the unwary.

*Id.* at 286.[6]

In a similar case, the Seventh Circuit took a different view and disallowed an appeal. In *Fine v. Paramount Pictures, Inc.,* 181 F.2d 300 (7th Cir.1950), plaintiff made an oral motion for new trial on the day of the verdict. No grounds were stated, and the district court set a hearing date on the motion for December 9, 1942, more than a month after the final judgment. The district court denied the new trial motion at that hearing, and plaintiff noticed his appeal twenty-eight days later. The court of appeals held that the original motion was insufficient because it failed to state any grounds for granting a new trial. Thus, the period for noticing an appeal was not tolled. The trial court was without power to hear the related motion, and could not thereby affect the finality of the judgment and enlarge the time for taking an appeal. *Id.* at 303–04.

C.  *The "Unique Circumstances" Doctrine.*

The equitable considerations involved in *Fine* and *Witt* were reviewed by the Supreme Court in three cases decided in the early 1960's. In these cases, the Court developed a "unique circumstances" excep-

---

**5.** Whether the new trial motion is "grantable" and whether the motion tolls the time for taking an appeal are two separate issues. *See Bailey v. Sharp,* 782 F.2d 1366, 1369–70 (7th Cir.1986) (Easterbrook, J. concurring); *Yanow v. Weyerhauser Steamship Co.,* 274 F.2d 274, 283 (9th Cir.1958) (en banc) (in order to suspend running of the 30–day appeal period, a motion for new trial need not be granted or even grantable), *cert. denied,* 362 U.S. 919, 80 S.Ct. 671, 4 L.Ed.2d 739 (1960).

**6.** The district court relied on *Witt* for the proposition that the amended new trial motion was properly before the court for decision. We need not decide whether the new trial motion could have been granted on the merits. We need only decide whether for purposes of Rule 4(a)(4), a new trial motion which does not state particular grounds can nevertheless toll the time for taking an appeal.

tion to the strict requirements of appellate Rule 4. *See Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (mem.), *rev'g* 321 F.2d 393 (D.C.Cir.1963); *Thompson v. Immigration and Naturalization Services,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); *Harris Truck Lines v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962). These cases implicitly reject the reasoning of the Seventh Circuit in *Fine.*

In *Thompson,* twelve days after final judgment, Thompson notified INS that he planned to file a motion for new trial. INS raised no objection, and the district court specifically said the new trial motion was filed in "ample time." Within sixty days of the denial of the new trial motion, but not within sixty days of judgment, Thompson appealed. The Court recognized that the federal rules, if mechanically applied, would prevent the appeal. The Court allowed the appeal, finding that the case fit within the exception created by *Harris:*

> The instant cause fits squarely within the letter and spirit of *Harris.* Here, as there, petitioner did an act which, if properly done, postponed the deadline for the filing of his appeal. Here, as there, the District Court concluded that the act had been properly done. Here, as there, the petitioner relied on the statement of the District Court and filed the appeal within the assumedly new deadline but beyond the old deadline. And here, as there, the Court of Appeals concluded that the District Court had erred and dismissed the appeal. Accordingly, in view of these "unique circumstances," ... we grant the writ of certiorari, vacate the judgment, and remand the case to the Court of Appeals so that petitioner's appeal may be heard on the merits.

*Thompson, supra,* 375 U.S. at 387, 84 S.Ct. at 398–99 (citations omitted).

The instant case is virtually identical to the situation presented to the Court in *Wolfsohn.* In that case, the district court entered summary judgment for defendant on May 7, 1962. Four days later, the district court signed an order purportedly granting an extension of time for plaintiff to file a motion for rehearing.[7] On June 11, the motion for rehearing was filed. The motion was denied on October 12, and an appeal was noticed on November 3, almost five months after the judgment was rendered. The court of appeals held that the district court was without power to enlarge the time for filing a motion for rehearing. Since the motion for rehearing was therefore untimely, the court held that the time for taking an appeal was not tolled. 321 F.2d 393 (D.C.Cir.1963). The Supreme Court summarily reversed, with citations to *Harris* and *Thompson.* 376 U.S. 203, 84 S.Ct. 699.

This court has addressed the "unique circumstances" doctrine on two occasions. First, in *Gribble v. Harris,* 625 F.2d 1173 (5th Cir.1980), the losing party waited thirty-four days after judgment before filing a motion for rehearing. The district court considered the motion, apparently without recognizing it as untimely, and denied it. Twenty-three days after the denial of the motion, but almost seven months after judgment, an appeal was filed. This court held that the appeal was untimely, and it was not saved by the "unique circumstances" doctrine:

> Application of the "unique circumstances" doctrine would be particularly inappropriate with regard to this appellant. Having waited, with no apparent good reason, for more than three times the allowable delay period before serving her motion for a new trial, and having faced the appellee's objection to the untimeliness of her motion (an objection raised within the sixty day period allowed for appeal), she was clearly on notice that her motion was not timely and that the delay period for appeal had not been interrupted, and any reliance she might have placed on the district

---

**7.** The facts and procedural history of the case are found in the circuit court opinion, 321 F.2d 393 (D.C.Cir.1963). The Supreme Court re-versed in a memorandum opinion, which did not give a statement of the facts.

court's entertaining of her motion can hardly be characterized as reasonable.

*Id.* at 1174–75 (citation omitted).

This court recently applied the "unique circumstances" doctrine in *Willis v. Newsome,* 747 F.2d 605 (11th Cir.1984). In *Willis,* the court clerk erroneously told the appellant that if the notice of appeal was mailed on the thirtieth day after judgment, the motion would be stamped on the day mailed. Appellant mailed the notice on the thirtieth day, but it arrived at the clerk's office and was stamped on the thirty-first day. The original panel, not aware of the extenuating circumstances, dismissed the appeal as untimely. On rehearing, the court remanded to the district court to find whether appellant's reliance on the clerk's misinformation was reasonable. This court made the following observations on the "unique circumstances" doctrine:

Courts will permit an appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity.

*Id.* at 606 (citations omitted).

#### D. *Conclusion.*

The result in this case is dictated by the decisions in *Wolfsohn* and *Willis.* As in *Wolfsohn,* appellant here reasonably relied on an erroneous district court order granting an extension of time to file a new trial motion. If Coral's motion had been dismissed as it should have been, Coral would have had plenty of time to perfect its appeal. As in *Willis,* appellant here was "lulled into inactivity" by the action of the district court. If reliance on the informal advice of the clerk's office can justify an equitable extension of the appeal period, certainly reliance on an order of the district court granting an extension of time to amend a timely filed but insufficient new trial motion can achieve this result.

Our holding is a narrow one. The 30–day period for filing appeals is a strict requirement. *See Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 1521 (1978). We adhere to the position that an untimely filed motion for new trial does not toll the time for filing an appeal. *See, e.g., United States v. One Remington 12 Gauge Shotgun,* 709 F.2d 1468 (11th Cir.1983). This rule is not altered merely by the fact that the district court decided the merits of an untimely new trial motion. *See Gribble,* 625 F.2d at 1174–75. The appellant must show its reliance on the district court action was reasonable. Here, the reliance was reasonable because Coral filed a timely motion which appeared to be a valid new trial motion. Thus, although its amended motion for new trial might have been technically untimely, the fact that some action was taken within 10 days of the judgment distinguishes this case from *Gribble.*

While there is no doubt that the district court erred in entering its order of March 26, 1986 extending Coral's time in which to file its motion for new trial, we have no alternative but to deny appellee's motion to dismiss the appeal. The purported motion for new trial filed by Coral on March 14 was not a motion for new trial, the district court had no authority to extend the time for filing such a motion, and Coral did not file a timely notice of appeal. Notwithstanding these breaches of the Federal Rules of Civil Procedure discussed in Part B, *supra,* we are required by Supreme Court precedent to allow the appeal under the "unique circumstances" doctrine. We cannot distinguish this case from *Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964). We would adjure district courts not to grant motions to extend time and our concerns in this area are expressed in Justice Clark's *Wolfsohn* dissent where he, joined by three others, said the following:

It appears clear to me that through Harris this Court has given trial judges the

*de facto* power to grant extensions of time, directly *contra* to the definite requirements of Rule 52(b) and 59 and the command of Rule 6(b) that the court "may not extend the time for taking any action under rules \* \* \* 52(b), 59(b), (d) and (e) \* \* \*." I therefore respectfully dissent.

*Id.* at 203, 84 S.Ct. at 699 (Clark, J., with Harlan, Stewart, & White, JJ., dissenting).

The motion to dismiss the appeal is DENIED.