**Harry C. KAHN, III**

v.

**Harry W. HEAD.**

**Civ. No. HM–85–5027.**

United States District Court,
D. Maryland.

Sept. 6, 1988.

On Motion for Reconsideration
Oct. 11, 1988.

On Opposition to Motion of Reconsideration
Oct. 28, 1988.

See also 114 F.R.D. 20.

**144**

Morton J. Rosenberg, Rosenberg, Maleson & Bilker, Columbia, Md., and Stuart E. Beck, Trachtman, Jacobs & Beck, Philadelphia, Pa., for plaintiff.

Leonard Bloom, Kevin B. Nachtrab and Norman P. Rocklin, Rocklin & Rocklin, Towson, Md., for defendant.

## MEMORANDUM

HERBERT F. MURRAY, District Judge.

Plaintiff Harry Kahn ("Kahn") sued defendant Harry Head ("Head") for copyright infringement in violation of 17 U.S.C. § 501 *et seq.;* unfair competition; misrepresentation in violation of 15 U.S.C. § 1125(a); product disparagement; and unjust enrichment and misappropriation. Both plaintiff and defendant are manufacturers and sellers of jumps for horses. Jury trial commenced on January 20, 1987. After the close of the plaintiff's evidence, the Court granted directed verdict on Counts 3, 4 and 5, and permitted Counts 1 and 2, those for copyright infringment and unfair competition, to go to the jury. On February 5, 1987, the jury found for defendant on both of these counts.

Pending before the Court are plaintiff's motion for judgment notwithstanding the verdict under Rule 50(b) Fed.R.Civ.P., Paper No. 43,[1] and defendant's motion for costs, Paper No. 42. The Court has reviewed the memoranda submitted by the parties and has determined that no hearing is required. Local Rule 6.

---

1. The number is the docket entry number in the official Court file.

## MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

The Court will deny this motion on two grounds. First, it was not timely filed. Judgment was entered on February 5, 1987. Fed.R.Civ.P. 50(b) specifies that such motions be filed not later than 10 days after the entry of judgment. The latest that plaintiff could timely have filed such motion is, therefore, February 16, 1987. As this was a federal holiday, and the Court was closed, plaintiff had until February 17, 1987. The motion was not received until February 18, 1987.

■ However, even if the motion had been timely, the Court would deny it. The Court is convinced that, not only did the weight of the evidence support the verdict, but that the jury reached the only result it could have. Had the jury found for the plaintiff, the Court would have entered judgment for the defendant notwithstanding the verdict.[2]

## MOTION FOR COSTS

■ Defendant moves for costs pursuant to Rule 68. On December 19, 1986, prior to 10 days before trial, defendant made an offer of judgment to plaintiff for $500.00. Plaintiff did not accept defendant's offer. As defendant's offer was more than the jury awarded plaintiff, defendant is entitled to costs. As in the instant case the underlying statute for the action permits the recovery of attorneys' fees as part of the costs, 17 U.S.C. § 505, the Court may award attorneys' fees also. *Marek v. Chesny,* 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985). The Court feels that an award of attorneys' fees is warranted in this case, and will exercise its discretion to enter such an award. The evidence against the defendant was virtually non-existing. This case was originally scheduled to take three to four days. Largely because the plaintiff insisted on reviewing every page of every catalogue he had ever published, and point out the sim-

---

2. The fact that the Court denied the motion for directed verdict on the remaining two counts reflects only the Court's philosphy and reliance on the jury.

ilarities between his catalogue and defendant's catalogue, the trial took almost three weeks.[3] Further, the similarities between the catalogues were either negligible, such as the use of black dots before each phrase in a list, or unavoidable, such as the use of the logo of a man on a jumping horse. In addition, prior to trial much delay was caused by plaintiff's refusal to come to this jurisdiction for his deposition, in spite of the prevailing law regarding plaintiff's travel to the forum state for discovery. Defendant should not have to suffer because of the plaintiff's intransigence.

Plaintiff has filed an objection to certain fees and costs. The Court finds the amount of costs and attorneys' fees requested to be reasonable. The amount of time spent for preparation for and conducting of this trial is proper. The Court does not see in defendant's enumeration any time claimed that seems excessive. Further, to the extent any time claimed might seem excessive, this is more than balanced by the fact that counsel for defendant billed her time at a rate appearing to the Court to be well below that generally charged in the legal community. The Court will award all attorneys' fees requested.

With respect to the time of the paralegal, the Court notes that it is not uncommon practice to have a paralegal or indeed another attorney to assist during all phases of trial preparation. Counsel for defendant requests only $10.00 an hour for the time of the paralegal, an amount below the amount charged in the community. The Court will order plaintiff to pay for all paralegal time.

With respect to costs, the Court again determines that all costs requested by defendant are reasonable. Plaintiff's challenge to the extra expenses necessary because of the speed with which the deposition needed to be transcribed is not well taken. As noted above, had plaintiff cooperated with discovery, instead of forcing

defendant to file a motion before appearing for deposition, none of these extra charges would have been incurred.

The Court will incorporate its rulings in a separate Order.

### ORDER

In accordance with the attached Memorandum, it is this 6th day of September, 1988, by the United States District Court for the District of Maryland, ORDERED:

1. That plaintiff's motion for judgment notwithstanding the verdict, Paper No. 43, BE, and hereby IS, DENIED;

2. That defendant's motion for costs, Paper No. 42, BE, and hereby IS, GRANTED;

3. That plaintiff pay attorneys' fees to defendant in the amount of $13,522.50;

4. That plaintiff pay other costs of this litigation to defendant in the amount of $2,278.93.

## ON MOTION FOR RECONSIDERATION

Plaintiff Harry Kahn ("Kahn") sued defendant Harry Head ("Head") for copyright infringement in violation of 17 U.S.C. § 501 *et seq.;* unfair competition; misrepresentation in violation of 15 U.S.C. § 1125(a); product disparagement; and unjust enrichment and misappropriation. Both plaintiff and defendant are manufacturers and sellers of jumps for horses. A jury trial in this case commenced on January 20, 1987. After the close of the plaintiff's evidence, the Court granted a directed verdict on Counts 3, 4 and 5, and permitted Counts 1 and 2, those for copyright infringement and unfair competition, to go to the jury. On February 5, 1987, the jury found for the defendant on both of these counts.

On February 18, 1987, the plaintiff filed a Motion for Judgment Notwithstanding the Verdict. On September 6, 1988, this Court entered a Memorandum and Order which, *inter alia,* denied this motion on

---

**3.** Part of the reason for the length of the trial was a series of snowstorms that foreclosed the possibility of trial on three separate days.

two grounds: (1) it was not timely filed; and (2) the weight of the evidence strongly supported the jury's verdict.

Now before the Court is plaintiff's Motion for Reconsideration. Plaintiff asks this Court to exercise its discretion and rule that the Motion for Judgment Notwithstanding the Verdict was timely filed. As grounds therefor, plaintiff represents that he mailed that motion on Friday, February 13, 1987, and asserts that it should have reached the Court before February 18, 1987.

█ While it is doubtful that the Court even has the power to exercise its discretion in the manner requested by plaintiff,[1] the Court nevertheless will amend its Memorandum and Order, because it appears that the Court incorrectly calculated the deadline for filing of the motion in question. Fed.R.Civ.P. 6(a) provides, "[w]hen the period of time prescribed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed.R.Civ.P. 50(b) prescribes a 10 day period of time for filing motions for judgment notwithstanding the verdict. Thus, plaintiff had until February 20, 1987 to file this motion. The Court will therefore amend its Memorandum and Order to find that plaintiff's motion was timely filed.

However, this reconsideration does not affect the ultimate disposition of plaintiff's motion. In the September 6, 1988 Memorandum and Order, the Court denied plaintiff's motion on its merits, as well as on the basis of timeliness. The Court's Memorandum and Order of September 6, 1988, will therefore stand as originally issued.

Accordingly, it is this 11th day of October, 1988, by the United States District Court for the District of Maryland,

ORDERED:

That the Court's Memorandum and Order of September 6, 1988, be, and the same hereby is, *Modified* to state that plaintiff's motion was timely filed.

**1.** *See e.g., McConnell v. United States,* 50 F.R.D. 499 (D.C.Tenn.1970) (Rule 50(b) prescribing the period of ten (10) days for making a motion for

## ON OPPOSITION TO MOTION OF RECONSIDERATION

The Court has received and considered defendant's Opposition to Plaintiff's Motion for Reconsideration, notwithstanding the fact that it was untimely filed. Nothing in defendant's memorandum has persuaded the Court to reconsider its reconsideration. As stated in the Court's Memorandum and Order of October 11, 1988, it is not the *effect* of the ten-day limitation for filing a Judgment Notwithstanding the Verdict that is at issue, but rather the *method* by which that ten-day period is calculated. Accordingly, it is this 29th day of October, 1988, by the United States District Court for the District of Maryland,

ORDERED that the Court's Memorandum and Order of October 11, 1988, be, and the same hereby is, *Affirmed.*

judgment notwithstanding the verdict is mandatory and leaves no discretion with the trial judge).