CARNES, Circuit Judge,
specially concurring:
Like Judge Black, I’m not fond of the result in this case but recognize that the law and the facts with which we are presented require it.
This would-be appellant has an experienced attorney who serves as Assistant Capital Collateral Regional Counsel-Middle Region of Florida. Experienced as this counsel is, he screwed up. If one credits his affidavit, which given the present posture of the case we must, he unjustifiably sought and relied upon the advice of an unidentified person in the local clerk’s office when he could and should have found the answer to his legal question himself. Not only that, but his affidavit discloses that both the person in the clerk’s office and counsel acknowledged during their telephone conversation “that the clerk’s representations were not binding.”
In these circumstances, reliance upon that advice was unreasonable to say the least, and more to the point, it is outside our unique circumstances doctrine. See Pinion v. Dow Chem. U.S.A., 928 F.2d 1522 (11th Cir.1991); Willis v. Newsome, 747 F.2d 605, 606 (11th Cir.1984). If counsel had sufficiently researched the matter about which he had a question, as he should have, he would have turned up our decision in Cavaliere v. Allstate Ins. Co., 996 F.2d 1111 (11th Cir.1993), and Fed. R.Civ.P. 83(a)(1). Instead, he put at risk his client’s right to appeal the judgment *1300 against him in return for the prospect of gaining a few days extra time for filing a Rule 59(e) motion.
If this were a case involving two corporations, we would apply the established rules, which require that we dismiss the appeal, and would do that with little or no discussion. What has brought forth more in response to the motion for reconsideration in this case is the fact that the party whose appeal is being dismissed is on death row, and the judgment he is seeking to appeal is one denying him federal habe-as relief. That makes us as judges want to hear and decide the appeal instead of dismiss it for lack of jurisdiction because of an untimely notice of' appeal. However, the rules relating to timeliness of filing and appellate court jurisdiction apply without respect to the identity of the parties or the nature of the case. We do not have one set of rules for petitioners and their attorneys in capital cases and another set for everyone else.
As judges we are obligated to follow the law, regardless of whether we personally like the result of doing so. We have done that.